UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **JOSEPH SANDERS (#237701)** | **DOCKET NO. 5:16-cv-413; SEC. "P"** |
| **VERSUS** | **JUDGE HICKS** |
| **JERRY GOODWIN** | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Pro se petitioner Joseph Sanders (DOC #237701) filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He was granted leave to proceed *in forma papueris* on April 12, 2016. (Doc. 7). Petitioner alleged that the court of conviction lacked subject-matter jurisdiction to convict him and/or the State of Louisiana lacked standing to prosecute him, and he sought an immediate release from custody. Because Petitioner was challenging the legality of his conviction, the Court advised him that it intended to construe the § 2241 petition as one arising under § 2254. Petitioner was allowed to amend his petition on the proper form, and he was instructed to include any and all § 2254 claims that he wished to raise because any subsequent § 2254 petition would be subject to the restrictions on second or successive motions. (Doc. 8). The amended § 2254 petition was filed on July 13, 2016. (Doc. 9).

Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Procedural History**

On April 4, 2008, Petitioner entered a plea of guilty and was convicted of second degree battery, self-mutilation by a prisoner, and possession of stolen things, in the Second Judicial District

Court, Bienville parish. (Doc. 9, p. 1). He was sentenced to 5 years of imprisonment. (Doc. 9, p. 1).

Petitioner alleges that he filed an application for post-conviction relief in the trial court in April of 2015. (Doc. 9, p.3). The application was denied on May 12, 2015. (Doc. 9, p. 145). Petitioner sought writs in the Second Circuit Court of Appeal on June 26, 2015. On August 20, 2015, the appellate court denied the writ as untimely under Louisiana Code of Criminal Procedure article 930. 8. (Doc. 9, p. 146).

## Law and Analysis

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. This limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a *properly filed* application for post-conviction relief was pending in state court is not counted toward the limitations period. See 28 U.S.C. § 2244(d)(2); Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999) (citing Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir.1998)). Federal courts may raise the one-year time limitation *sua sponte*. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Petitioner's conviction became final for AEDPA purposes on May 4, 2008, upon the expiration of the 30 day period for filing a motion for appeal provided by La. Code Crim. Proc. art. 914(B). Under 28 U.S.C. § 2244(d)(1) petitioner had one year, or until May 4, 2009, within which to file his federal habeas petition.

Petitioner's application for post-conviction relief was not filed until after the expiration of the one-year limitations period under the AEDPA. Additionally, because it was untimely under Louisiana law, the application was not "properly filed." See La. Code Crim. Proc. Art. 930.8. Thus, Petitioner is not entitled to the benefit of statutory tolling.

The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In this case, Petitioner submits no evidence demonstrating that he is entitled to equitable tolling, and this Court knows of no such evidence.

**Conclusion**

For the foregoing reasons, IT IS RECOMMENDED that the § 2254 petition be DENIED and DISMISSED with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d).

**Objections**

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 4th day of August, 2016.

_____
Karen L. Hayes
United States Magistrate Judge